OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for further proceedings in accordance with this memorandum.
Plaintiff fell and was injured while riding on defendant’s bus which he boarded on Court Street in downtown Brooklyn. During the liability phase of a bifurcated trial for personal injuries sustained as a result of the fall, plaintiff testified that after he gave the driver his fare and obtained a transfer, he headed for a seat at the rear of the bus. According to plaintiff’s testimony, the bus began moving at a high rate of speed which he estimated to be between 25 and 30 miles per hour, and plaintiff could hear the driver cursing at and arguing with another passenger. As he was about to take a seat at the rear of the bus, the bus stopped suddenly. The force of the stop, plaintiff testified, was so great that he fell to the floor and slid the length of the bus to the front, landing at the driver’s feet. Plaintiff testified that he hit his shoulder and knee, and that he "busted” his elbow.
After hearing testimony from the driver of the bus which contradicted essentially all aspects of plaintiff’s story, the jury found that defendant was 90% at fault and plaintiff 10% at fault for plaintiff’s injuries. The trial court denied defendant’s motion to dismiss the complaint and allowed the trial to continue to determine the issue of damages. The Appellate Division reversed (198 AD2d 496), holding that plaintiff had failed to establish a prima facie case of defendant’s negligence. This was error.
To establish a prima facie case of negligence against a *830 common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was "unusual and violent” (see, Trudell v New York R. T. Corp., 281 NY 82, 85). Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff. Plaintiff’s proof here was sufficient to satisfy that requirement. He testified that the swiftly moving bus stopped so suddenly and violently as to propel his body down its entire length, causing injuries to his shoulder, elbow, and knee. Such testimony provided more than a mere characterization of the stop. It also provided objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant.
Accordingly, the Appellate Division order dismissing the complaint should be reversed. However, because that Court dismissed the complaint on the basis of the legal insufficiency of plaintiff’s proof, it did not reach defendant’s arguments that the verdict was contrary to the weight of the evidence (CPLR 4404 [a]) and that the damages awarded were excessive. We therefore remit to the Appellate Division for determination of those issues raised by the parties but not considered on the appeal to that Court.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.