[876 NE2d 1197, 845 NYS2d 781]

LINDA BOYD, Respondent, v MANHATTAN & BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.

Argued September 4, 2007; decided October 18, 2007

90

## POINTS OF COUNSEL

*Lawrence Heisler,* Brooklyn, and *Wallace D. Gossett* for appellants. Under *Bethel v New York City Tr. Auth.*'s (92 NY2d 348 [1998]) regime of equality, plaintiff was required to prove that the Manhattan & Bronx Surface Transit Operating Authority had notice of the defective handle. Having failed to prove such notice, plaintiff's suit should have been dismissed. At a minimum, the case should be remanded for a new trial because the trial court refused to charge that plaintiff bore the burden of proof on notice. (*Espinosa v A & S Welding & Boiler Repair,* 120 AD2d 435; *Levinstim v Parker,* 27 AD3d 698; *Imhotep v State of New York,* 298 AD2d 558; *Scialpi v Island Right Homes,* 304 AD2d 551; *Weiser v Gumowitz,* 209 AD2d 509; *DeCarlo v Village of Dobbs Ferry,* 36 AD3d 749; *Marszalkiewicz v Waterside Plaza, LLC,* 35 AD3d 176; *Figueroa v Goetz,* 5 AD3d 164; *Fetterly v Golub Corp.,* 300 AD2d 1056; *Graham v Wohl,* 283 AD2d 261.)

*Law Office of Francis M. DeCaro,* Bronx (*Candice A. Pluchino* of counsel), for respondent. I. Plaintiff met the prima facie burden of proving actual and constructive notice through evidence of defendant's duty to inspect. (*Schiff v State of New York,* 31 AD3d 526; *Feldmus v Ryan Food Corp.,* 29 AD3d 940; *Ames v Waldbaum, Inc.,* 34 AD3d 607; *Batton v Elghanayan,* 43 NY2d 898; *Taylor v New York City Tr. Auth.,* 48 NY2d 903; *Anthony v New York City Tr. Auth.,* 38 AD3d 484; *Brown v Linden Plaza Hous. Co., Inc.,* 36 AD3d 742.) II. The court's charge to the jury pursuant to PJI 2:164 conveyed the appropri-

ate principles of law as to standard of care and notice. (*Bell v New York City Tr. Auth.*, 21 AD3d 299; *Bethel v New York City Tr. Auth.*, 92 NY2d 348; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Kroupova v Hill*, 242 AD2d 218; *Manna v Don Diego*, 261 AD2d 590; *Clark v Rubenstein*, 96 AD2d 1071; *Koehler v Grace Line, Inc.*, 285 App Div 154.)

## OPINION OF THE COURT

SMITH, J.

We hold that, in a negligence action against a common carrier for injuries caused by defective equipment, the jury should be charged that the plaintiff must show the carrier had actual or constructive notice of the defect.

## Facts and Procedural History

Plaintiff, unable to find a seat in a New York City bus, grasped a metal strap to steady herself. When the bus began to move, the strap slid out of position, causing injuries to her shoulder and hand. Plaintiff sued the public authority that operated the bus and its parent, claiming that the strap was defective.

Defendants asked the court to charge the jury on actual and constructive notice. While the request was never put in writing, an extended colloquy made it clear. The court was asked to charge that, even if the strap was defective, defendants were not negligent if they did not know, and would not by the use of reasonable care have known, of the defect. The court rejected the request and charged the jury, without objection, in the language of New York Pattern Jury Instruction (PJI) 2:164:

> "A common carrier such as a bus company is required to know, and is charged with knowing the danger of its passengers from faulty maintenance of its vehicle and equipment, and is also charged with knowing how to avoid such dangers.

> "A common carrier of passengers has the duty to use reasonable care under all of the circumstances in the maintenance of vehicles and equipment for the safety of its passengers. Reasonable care means that care that a reasonably prudent bus company would use under the same circumstances in keeping with the dangers and risks known to the bus company, or which it should reasonably have foreseen."

The jury returned a verdict for plaintiff, judgment was entered in her favor, and the Appellate Division affirmed. We granted leave to appeal and now reverse.

## Discussion

In *Bethel v New York City Tr. Auth.* (92 NY2d 348, 351 [1998]), we abandoned the rule that common carriers owe a "duty of highest care," and decided to "realign the standard of care required of common carriers with the traditional, basic negligence standard of reasonable care under the circumstances." It follows from *Bethel* that a common carrier, like any other defendant, is not an insurer of the safety of its equipment; it can be held liable for defects in the equipment only if it knew, or with reasonable care should have known, that the equipment was defective (*see e.g. Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Levinstim v Parker*, 27 AD3d 698 [2d Dept 2006]; *Fetterly v Golub Corp.*, 300 AD2d 1056 [4th Dept 2002]). Plaintiff does not dispute this principle, but argues that the court's charge here adequately communicated it to the jury. We disagree.

The charge the court gave was not incorrect, but the statement that "a bus company is required to know, and is charged with knowing the danger of its passengers from faulty maintenance of its vehicle and equipment" is open to misinterpretation. Indeed, the trial judge himself, in discussing the charge with counsel, stated the law incorrectly. He said "once it's established that there is a defect, given the obligation of the common carrier to maintain these things without defects . . . it's then the burden of proof . . . on the defendant to show that in the exercise of due care, that they could not have discovered this defect." The court's charge, in the absence of the specific explanation defendants requested of actual and constructive notice, could have led the jury to the same error.

In cases like this one, courts should, if requested, give a charge on actual or constructive notice. Such a charge should inform the jury that the plaintiff must prove the defendant knew, or using reasonable care should have known, that the equipment was not in a reasonably safe condition; the charge could be quite similar to PJI 2:226, which is applicable to claims against municipalities. Also, although both sides in this case agreed to the language the court did charge, future trial courts should avoid using the first sentence of PJI 2:164, which seems to suggest, contrary to *Bethel*, that there is something special or unique about a common carrier's duty of care.

Because of the trial court's error in refusing to give a notice charge, defendants are entitled to a new trial. They argue, however, that no new trial is necessary because plaintiff failed, as a matter of law, to make a prima facie case on the issue of actual or constructive notice. We reject this argument. The evidence supports conflicting inferences as to whether defendants made an adequate inspection of the bus, and as to whether the defect in the strap was readily observable. The choice between these inferences is for the jury.

Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial ordered.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.