■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARTER, Appellant. [875 NYS2d 28]—Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about January 24, 2007, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly exercised its discretion in denying defendant a downward departure from his presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). We note that the underlying sex crime was violent, and that defendant had a history of violent crimes. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.

■ SAUNDRA CRANE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [874 NYS2d 112]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 14, 2008, which granted plaintiff's motion for partial summary judgment as to liability and directed an assessment of damages, unanimously affirmed, without costs.

Plaintiff was injured on December 19, 2003, when defendants' bus, on which she was a passenger, allegedly came to a sudden, violent stop near 34th Street and Fifth Avenue. Plaintiff sustained a head injury and a broken clavicle.

Plaintiff established a prima facie case of negligence with deposition testimony that the sudden stop caused a jerk or lurch that was "unusual and violent" (*see Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995]). Defendants' opposition to summary judgment was insufficient to create a triable issue of fact. Their contention that the bus stopped suddenly because a passenger pushed on the rear door, possibly activating the bus's rear door interlock braking mechanism, was unsupported by evidence as to how the mechanism worked and as to whether it was functioning properly and was operated properly by the bus driver at the time and on the bus in question.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.