■ MARIBEL CUADRADO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [884 NYS2d 35]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered January 22, 2008, which granted defendants' motion to set aside a jury verdict rendered in favor of plaintiff, reversed, on the law, without costs, the motion denied, and the verdict reinstated.

Through her own testimony and that of a disinterested witness, plaintiff produced sufficient objective evidence to establish that the bus from which she fell made a movement that was "unusual and violent," that is, something more than the jolting and jerking incidental to the operation of a city bus (*see*

*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995]). Moreover, upon our independent review, we do not find that the verdict was against the weight of the evidence.

In addition, the trial court properly declined to give the jury an instruction on comparative negligence because the evidence did not support it. Although comparative negligence is usually a jury question, it is "inappropriate where there are no specific factual allegations to support it and no valid line of reasoning which could lead the jury to find plaintiff comparatively negligent" (*Perales v City of New York*, 274 AD2d 349, 350 [2000] [citation omitted]; *see also Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 327 [1999], *lv denied* 94 NY2d 754 [1999]). To have been entitled to the charge, defendants were required to come forward with evidence that plaintiff's stepping into the exit and/or pushing on the partially opened rear doors was negligent. As there was no trial evidence that these actions were unreasonable, there was no basis for defendants' requested charge. Concur—Gonzalez, P.J., Tom, Friedman and Sweeny, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's conclusion that the order granting defendants' motion to set aside the verdict should be reversed, the motion denied and the verdict reinstated, but I disagree with its analysis.

It is by no means clear that the holding of *Urquhart v New York City Tr. Auth.* (85 NY2d 828 [1995]) applies when a bus is stopped and the doors are open. Under *Urquhart*, the plaintiff must provide "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel" (*id*. at 830). Moreover, "[p]roof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*id*.). In this case, however, there was evidence from which the jury could have found that the movement of the bus causing plaintiff to fall occurred after the doors had opened. At the very least, the jury could have found that the movement occurred as the doors were opening. Why require passengers to guard themselves against even ordinary jerks and lurches attendant to moving buses when the bus is stopped and the doors are either open or opening to let passengers out?

In any event, neither side objected to or made requests to charge with respect to the relevant portions of the court's instructions to the jury (*see* CPLR 4110-b). The court did not charge that plaintiff was required to come forward with "objec-

tive evidence" of any kind. Rather, the court charged that "in the absence of an emergency, the carrier must avoid sudden, unusual and violent stops, jerks or lurches," and that if the jury found that after the door was opened "the movement of the bus was unnecessarily sudden, unusual, and violent, then you will find that the carrier was negligent." Although New York City Transit Authority (NYCTA) moved to dismiss the complaint at the close of plaintiff's case on the ground that plaintiff's evidence was legally insufficient because her evidence established only that the bus "jerked," which was insufficient to impose liability on NYCTA, it did not object to or make requests to charge regarding the relevant portion of the court's instructions to the jury (*see Peguero v 601 Realty Corp.*, 58 AD3d 556 [2009]). Thus, "the law as stated in th[e] charge became the law applicable to the determination of the rights of the parties in this litigation and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged" (*Harris v Armstrong*, 64 NY2d 700, 702 [1984] [citation omitted]).

As the jury could have found that NYCTA was liable solely on the basis of a finding that an "unnecessarily sudden" movement of the bus occurred while the door was opening or open, I have no trouble concluding that the verdict should be upheld. For this reason, we need not and should not reach either the issue of whether the holding of *Urquhart* applies or the issue of whether plaintiff produced sufficient "objective evidence" establishing an "unusual and violent" movement of the bus.

I agree with the majority's conclusion that the evidence did not support an instruction on comparative negligence.