■ MARY GIOULIS, Appellant, v MTA BUS COMPANY et al., Respondents. [941 NYS2d 689]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated October 3, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 6, 2009, the plaintiff, who was then 84 years old, allegedly was injured when she fell in a bus owned and operated by the defendants. She commenced this action alleging that the defendants were negligent in causing her to fall because the bus operator stopped the bus in an unusual and violent manner. After discovery, the defendants moved for summary judgment dismissing the complaint, submitting, inter alia, the deposition testimony of the plaintiff and the bus operator. The plaintiff testified at her deposition that she was sitting in the front seat opposite the driver when she pressed the buzzer for her stop, and, as the bus was slowing down to approach her stop, she got up, holding onto a metal pole. She further testified that the driver applied the brake "fast" and "stopped short," causing her to fall and slide to the front of the bus under the windshield, sustaining injuries. The bus operator testified that, although he did not recall his rate of speed, it had been raining and the road conditions did not allow travel at a high rate of speed. The bus driver indicated that he was already "halfway" into the area designated for the bus stop when the buzzer sounded. He applied the brake "a little bit more than light"; the stop was not abrupt or violent and there was "nothing unusual" about it. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was unusual or violent" (*Rayford v County of Westchester*, 59 AD3d 508, 508-509 [2009] [internal quotation marks omitted]; *see Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]; *Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). "Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the

negligence of defendant" (*id.* at 830; *see Golub v New York City Tr. Auth.*, 40 AD3d at 582; *Banfield v New York City Tr. Auth.*, 36 AD3d 732, 732-733 [2007]).

Here, viewing the evidence in the light most favorable to the plaintiff, we find that the defendants established, prima facie, that the incident described was not "unusual and violent" and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830 [internal quotation marks omitted]; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716 [2012]; *Golub v New York City Tr. Auth.*, 40 AD3d at 582; *Banfield v New York City Tr. Auth.*, 36 AD3d at 732-733). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.