■ LURLA L. BURKE, Respondent, v MTA BUS COMPANY, Appellant, et al., Defendant. [942 NYS2d 817]—

In an action to recover damages for personal injuries, the defendant MTA Bus Company appeals from an order of the Supreme Court, Queens County (Markey, J.), dated May 10, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant MTA Bus Company for summary judgment dismissing the complaint insofar as asserted against it is granted.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent. Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995] [citation and internal quotation marks omitted]; *see Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]). The evidence must establish that the force of the stop was "of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of [the] defendant" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]). Here, the defendant MTA Bus Company (hereinafter the defendant) submitted the plaintiff's deposition testimony in support of its motion for summary judgment. That testimony was sufficient to establish, prima facie, that the stop was not "unusual or violent" and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d at 717; *Rayford v County of Westchester*, 59 AD3d 508, 509 [2009]; *Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Guadalupe v New York City Tr. Auth.*, 91 AD3d at 717). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it (*id.*).

The parties' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.