■ GENEVE ARMSTRONG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [1 NYS3d 285]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered October 31, 2013, which, after the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, and upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $325,000.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability is granted, and the complaint is dismissed.

The plaintiff was a passenger on the defendant's bus when it allegedly stopped in a manner that caused her to fall and sustain personal injuries. The plaintiff commenced this action against the defendant, alleging that it was negligent. At the trial, at the close of the evidence on the issue of liability, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The Supreme Court denied the motion, and, after a trial on damages, entered judgment in favor of the plaintiff.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Garcia v New York City Tr. Auth.*, 114 AD3d 720 [2014]). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (*Cathey v Gartner*, 15 AD3d 435, 436 [2005]; *see Clarke v Phillips*, 112 AD3d 872 [2013]). Here, viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could find that the incident, as described by the plaintiff, was "unusual and violent" and of a class "different" from "the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995] [internal quotation marks omitted]; *see Gioulis v MTA Bus Co.*, 94 AD3d 811 [2012]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d 716 [2012]; *Golub v New York City Tr. Auth.*, 40 AD3d 581 [2007]). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.