## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 5, 2015 516565
_____

ARTHUR BLAKE,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

FIRST TRANSIT TRANSPORTATION
    SERVICE,
                    Respondent.
_____

Calendar Date: January 6, 2015

Before: Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Arthur Blake, New York City, appellant pro se.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Aaron F. Carbone of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (McNamara, J.), entered January 29, 2013 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

        In July 2010, plaintiff, an inmate, was injured while riding a bus between state correctional facilities. Respondent was the entity that provided transportation services pursuant to a contract with the Department of Corrections and Community Supervision (hereinafter DOCCS). In March 2012, plaintiff commenced this negligence action against defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that defendant did not breach any duty of care owed to plaintiff and plaintiff appeals.

Plaintiff alleges that he was injured when he lost his balance and hit his head as he was returning from using the restroom on the bus. Primarily, he claims that his injury was caused by DOCCS's policy that he had to be mechanically restrained and shackled to another inmate during transport and could only move about the bus while the bus was in motion.

Initially, we find that defendant's argument that plaintiff's claims are barred by the doctrine of collateral estoppel, which was neither asserted as an affirmative defense nor argued before Supreme Court, was not preserved for our review (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]). Turning to the merits, as a common carrier, defendant had a duty to exercise "reasonable care under all of the circumstances of a particular case" (Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998]). In order to establish a prima facie case of negligence against a common carrier for injuries sustained by the movement of the bus, the plaintiff must demonstrate that there was a "jerk or lurch that was unusual and violent" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995] [internal quotation marks and citation omitted]; see Golub v New York City Tr. Auth., 40 AD3d 581, 582 [2007]). Where there is a claim against a common carrier that there was an unsafe condition on the bus, a plaintiff must demonstrate that the defendant had actual or constructive notice of the defect or unsafe condition (see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 9 NY3d 89, 92 [2007]).

In our view, plaintiff's deposition testimony that he did not slip on a wet floor, coupled with the affidavit wherein the defendant's driver averred that he inspected the bus prior to the trip and that the bus had a "mechanically sound and clean" dry-system bathroom that had been inspected the day before the accident, was sufficient to demonstrate that defendant did not have notice of the alleged unsafe condition of the bus. Moreover, defendant's driver explained in his affidavit that, because the bus was designed to physically separate him from the inmates and to prevent him from interacting with or even seeing the inmates during transit, even if water had spilled on the floor of the bus during the trip, he could not have had knowledge of it. Supreme Court thus properly determined that defendant met

its initial burden on the motion for summary judgment (see id.).

The record also fails to support a claim that plaintiff's injury was caused by the movement of the bus. Defendant's driver averred that he did not recall any "abnormalities in the movement or operation" of the bus. Similarly, plaintiff acknowledged during his testimony that the driver did not brake suddenly or otherwise operate the bus erratically. Although plaintiff submitted an affidavit by another inmate who recalled that there was a "bump and sweaval" prior to plaintiff's injury, viewing the evidence in a light most favorable to plaintiff, the record does not support a finding that the movement of the bus was "unusual and violent" so as to establish a negligence cause of action (Gioulis v MTA Bus Co., 94 AD3d 811, 812-813 [2012]).

We also reject plaintiff's claim that defendant was negligent because it agreed to transport inmates in accordance with DOCCS's policy. DOCCS is solely responsible for the safety and security of inmates in general and, as relevant here, while they are in transit between correctional facilities (see Correction Law §§ 23, 112). Consistent with this responsibility, DOCCS may restrain inmates during transit (see 7 NYCRR 250.2 [h]). For its part, defendant had no authority to affect or otherwise usurp DOCCS's obligation in this regard (see Correction Law § 120).

Finally, plaintiff's claim that Supreme Court should not have granted summary judgment in favor of defendant because he was "denied the right" to ask certain questions during a deposition is without merit. Although the record indicates that plaintiff attempted to question defendant's counsel at an examination before trial, counsel had no personal knowledge of the incident, and plaintiff did not serve any notice to depose counsel or any person who did have personal knowledge of the facts (see CPLR 3107). Summary judgment is not precluded where, as here, a party does not avail himself of available disclosure to obtain relevant facts (see Rivera v Our Lady of Knox R.C. Church, 197 AD2d 764, 765 [1993]).

Plaintiff's remaining arguments have been considered and are without merit.

Garry, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court