■ MICHAEL C. DIGENNARO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY (MTA), Respondent, et al., Defendant. [8 NYS3d 909]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered July 30, 2014, after a jury trial, in favor of defendant New York City Transit Authority, unanimously affirmed, without costs.

There is no basis for setting aside the jury's verdict. Regardless of whether it was error to charge the emergency doctrine as part of negligence, plaintiff failed to adequately preserve its objection (*Goldberg v Wirtosko*, 182 AD2d 350 [1st Dept 1992]). Defense counsel's statements during summation as to why the bus driver may have stopped as it did were fair comments on the evidence (*see Selzer v New York City Tr. Auth.*, 100 AD3d 157, 163 [1st Dept 2012]).

Plaintiff's arguments regarding the prejudicial effect of the bus driver's absence at trial are unavailing. The court instructed the jury that it could accept or reject defendant's explanation for the driver's absence, and permitted the jurors to draw a negative inference from the absence. Defendant did not improperly use the driver's absence as both a "sword and a shield."

The jury's verdict, finding that defendant was not negligent, is supported by a fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]), given the evidence that, among other things, none of the other passengers fell (*see Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995]). Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.