■ LISA FAY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and JOSEPHINE ZAVOLAKIS et al., Appellants. [52 NYS3d 359]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 8, 2016, which granted plaintiff's motion for partial summary judgment as against defendants Josephine Zavolakis and John Zavolakis, and granted defendants New York City Transit Authority, Metropolitan Transpor-

tation Authority, Manhattan and Bronx Surface Transit Operating Authority and Bus Operator McKay's (the transit authority defendants) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff and the transit authority defendants established prima facie that plaintiff was injured as a result of the negligence of the Zavolakis defendants, who made a sudden U-turn on 34th Street in front of the bus on which plaintiff was riding, causing the bus driver to stop short to avoid a collision (*see Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]; 34 RCNY 4-05 [b] [1]; 4-07 [h] [2]; *see also* Vehicle and Traffic Law §§ 1128 [a]; 1160 [e]). The bus driver made a note of the license plate number of the car that made the U-turn in front of her, and the Zavolakis defendants testified that they made a U-turn every morning at about the same time and place on 34th Street, leaving Josephine Zavolakis in front of her workplace. Plaintiff established her freedom from negligence by demonstrating that she was holding onto a pole as the bus moved (*see Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 328 [1st Dept 1999], *lv denied* 94 NY2d 754 [1999]). The transit authority defendants established the bus driver's freedom from negligence by demonstrating that she was faced with an emergency situation not of her own making (*see Orsos v Hudson Tr. Corp.*, 111 AD3d 561 [1st Dept 2013]).

In opposition, the Zavolakis defendants failed to raise a triable issue of fact as to their own involvement in the accident; they testified that they did not recall it, but did not deny being involved, and they presented no evidence that would support any other explanation (*see Pichardo v Urban Renaissance Collaboration Ltd. Partnership*, 51 AD3d 472 [1st Dept 2008]). Nor did they submit evidence that would support a finding that plaintiff was negligent (*see Cuadrado v New York City Tr. Auth.*, 65 AD3d 434, 435 [1st Dept 2009], *lv dismissed* 14 NY3d 748 [2010]).

Neither plaintiff nor the Zavolakis defendants raised an issue of fact as to negligence on the part of the bus driver; they merely speculated that she may have been driving too fast. However, even if, as plaintiff testified, the bus accelerated to 20 miles per hour before the accident, it was operating within the citywide legal speed limit at the time (*see* 34 RCNY 4-06), and there is no evidence that weather or traffic conditions at the time warranted a slower speed. The bus driver had no duty to anticipate another driver's sudden, illegal maneuver (*see e.g. Ward v Cox*, 38 AD3d 313 [1st Dept 2007]). Concur—Acosta,

J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.