Gani v New York City Tr. Auth. (2018 NY Slip Op 01452)





Gani v New York City Tr. Auth.


2018 NY Slip Op 01452


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-00357
 (Index No. 12829/13 )

[*1]Jamilah Gani, respondent, 
v
New York City Transit Authority, et al., appellants, et al., defendants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Michael N. David, New York, NY (Stacy N. Baden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated November 18, 2016, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2012, the plaintiff, a passenger on a bus, allegedly was thrown to the floor and from the front to the middle of the bus when it made a sudden and violent stop. The plaintiff brought this action to recover damages for personal injuries against, among others, the defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (hereinafter together the NYCTA defendants). During the pendency of the action, the NYCTA defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, submitting, among other things, a copy of the plaintiff's deposition testimony. The Supreme Court denied that branch of the motion, and the NYCTA defendants appeal.
To prevail on a cause of action alleging that a common carrier was negligent in stopping a bus, a plaintiff must prove that the stop was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Black v County of Dutchess, 87 AD3d 1097, 1098). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 829-830; Burke v MTA Bus Co., 95 AD3d 813; Gioulis v MTA Bus Co., 94 AD3d 811, 812).
However, in seeking summary judgment dismissing such a cause of action, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent. That burden may be satisfied by the plaintiff's deposition testimony as to how the accident occurred (see Alandette v New York City Tr. Auth., 127 AD3d 896, 897; Burke v MTA Bus Co., 95 AD3d at 813; Guadalupe v New York City Tr. Auth., 91 AD3d 716, 717; Black v County of Dutchess, 87 AD3d [*2]at 1098-1099).
Here, the plaintiff testified at her deposition that she was propelled to the floor and from the front to the middle of the bus. This testimony raised a triable issue of fact as to whether the stop at issue was unusual and violent, as opposed to whether the stop involved only the normal jerks and jolts commonly associated with city bus travel (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Black v County of Dutchess, 87 AD3d at 1098-1099). Since the NYCTA defendants did not meet their prima facie burden of establishing their entitlement to judgment as a matter of law, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition thereto were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the NYCTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court