Holmes v New York City Tr. Auth. (2018 NY Slip Op 08069)





Holmes v New York City Tr. Auth.


2018 NY Slip Op 08069


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7695 302482/14

[*1]Lastarza Holmes, etc., Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents, Luis Caballero, Defendant.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 31, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when, while standing on defendants' bus, the bus stopped suddenly, causing her to fall and strike her leg.
Defendants submitted evidence showing that the bus was not operated in a negligent manner. A surveillance video taken of the bus's interior depicts plaintiff slipping and falling while the bus gradually slows down.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert's opinion is without probative value, as it is based upon purported facts flatly contradicted by the evidence of record (see Amatulli v Delhi Constr. Corp. , 77 NY2d 525, 533 n2 [1991]). Moreover, plaintiff's allegation that the bus "stopped short," failed to provide "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (Urquhart v New York City Tr. Auth. , 85 NY2d 828, 830 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK