San Andres v County of Westchester (2019 NY Slip Op 04743)





San Andres v County of Westchester


2019 NY Slip Op 04743


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02607
 (Index No. 71038/15)

[*1]Cristina San Andres, appellant,
v
County of Westchester, et al., respondents.


Fraiden & Fraiden LLP, Bronx, NY (Mark Fraiden of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Jason M. Bernheimer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated January 19, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured while riding on a bus owned and operated by the defendants when the bus stopped, causing her to fall. She commenced this action to recover damages for personal injuries. In an order dated January 19, 2018, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a stop, the plaintiff must establish that the stop was unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830). In moving for summary judgment dismissing the complaint, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent (see Fuentes v Nassau Inter-County Express, 166 AD3d 582, 583).
Here, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. The evidence that the defendants submitted in support of their motion, which included transcripts of deposition testimony and surveillance video footage of the incident, failed to eliminate all triable issues of fact as to whether the stop of the bus was unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d 828; Van Eyken v Happy Tours, Inc., 110 AD3d 1058; Black v County of Dutchess, 87 AD3d 1097, 1098-1099). Since the defendants did not meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court