Castillo v New York City Tr. Auth. (2020 NY Slip Op 06447)





Castillo v New York City Tr. Auth.


2020 NY Slip Op 06447


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 30082/17E Appeal No. 12181 Case No. 2019-3418 

[*1]Ramon Castillo, Plaintiff-Appellant,
v
The New York City Transit Authority, Defendant-Respondent, "John Doe" whose name is unknown and fictitious, Defendant.


Law Offices of Jill B. Savedoff, Bronx (Jill B. Savedoff of counsel), for appellant.
Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 20, 2019, which granted the motion of defendant New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint, unanimously affirmed, on different grounds, without costs.
Plaintiff Ramon Castillo was a passenger on a municipal bus owned by NYCTA and driven by nonparty George Williams. According to plaintiff, on the day of the accident, he boarded the bus, paid his fare, and took two to four steps toward the back of the bus to find a seat. Plaintiff stated that as he was still moving toward the back, the bus driver suddenly used the brakes, causing plaintiff to fall backwards into the farebox and onto the floor. Plaintiff stated that he did not have time to hold onto the pole before he fell.
Williams, who testified on behalf of NYCTA, stated that he was operating the bus on a two-way street with two lanes of travel going each way, and with cars parked on both sides of the roadway. According to Williams, the accident happened as the bus reached the middle of the block. He stated that the bus was traveling in the right lane when he saw in his mirror that there was a red Toyota traveling in the left lane not far behind him. Williams stated that when he turned his head to look straight ahead, he saw that the Toyota was halfway in front of him and making a right turn. As a result, he slightly pressed the brake but did not sound his horn. Williams stated that he did not see plaintiff fall or strike the MetroCard box and also could not remember how fast the bus was traveling when the Toyota entered his lane of travel.
NYCTA moved for summary judgment dismissing the complaint, arguing that there was no objective evidence that Williams had stopped the bus in an unusual and violent manner and therefore, there was no evidence that defendant had breached its duty of care to plaintiff. In the alternative, NYCTA argued that the emergency doctrine precluded plaintiff's negligence claims.
Plaintiff opposed, arguing that according to the deposition testimony, there were triable issues of fact as to whether Williams caused plaintiff's injuries by coming to a sudden unusual and violent stop. Plaintiff asserted there were issues of fact as to whether the Toyota even existed and, even if it did exist, whether that vehicle actually violated any traffic laws before the accident. Plaintiff also pointed out the varying testimony about whether the Toyota suddenly or unexpectedly cut the bus off and whether Williams failed to see the car with enough time to avoid stopping short. According to plaintiff there were triable issues of fact as to whether the emergency doctrine was applicable to the accident.
The motion court granted NYCTA's motion and dismissed the complaint. The court found that plaintiff failed to provide objective evidence to show that the force of the stop was "sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel, and therefore, attributable to the negligence of [NYCTA]" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995]) . In granting dismissal it does not appearthe court reachedthe emergency doctrine argument even though the parties had briefed the issue. The emergency doctrine recognizes that when an actor is faced with a sudden, unexpected circumstance leaving little or no time for deliberation, "the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Under the doctrine, a person faced with an emergency "cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision" (id.). Further, "[w]hile it is often a jury question whether a person's reaction to an emergency was reasonable, summary resolution is possible when the individual presents sufficient evidence to support the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate issue of fact on the issue" (Ward v Cox, 38 AD3d 313, 314 [1st Dept 2007] [internal quotation marks and citations omitted]).
In cases similar to this, this Court has applied the emergency doctrine to preclude imposition of liability against a bus company when the evidence showed that a bus driver's only option was to stop short in order to avoid colliding with a vehicle that suddenly entered its lane (see Fay v New York City Tr. Auth., 149 AD3d 593, 594 [1st Dept 2017]; Orsos v Hudson Tr. Corp., 111 AD3d 561 [1st Dept 2013] [affirming summary judgment where bus driver was forced to stop suddenly after being cut off by car that erratically drove around it at high rate of speed]; compare Iwata v Manhattan & Bronx Surface Tr. Operating Auth., 144 AD3d 539 [1st Dept 2016] [issues of fact whether the stop that caused the plaintiff to fall was caused by taxicab cutting off the bus]).
In opposition, plaintiff failed to submit any evidence tending to show that Williams created the emergency or could have avoided plaintiff's fall by other means than slightly stepping on the brake (see Santana v Metropolitan Transp. Co., 170 AD3d 551, 551-552 [1st Dept 2019]). NYCTA submitted evidence that Williams was obliged to apply the brake because of the actions of the red Toyota. Williams' sworn testimony together with his report, written immediately after the incident, noted the Toyota's movements. In response, plaintiff failed to submit any evidence, other than speculation, to suggest that the Toyota did not actually exist, while at the same time affirmatively conceding that he did not notice what happened outside the bus before he fell, as he was looking in front of him so that he could find a seat.
Having found that the emergency doctrine precludes plaintiff's negligence claims, we need not reach the issue of whether the stop was extraordinary and violent, thus
subjecting plaintiff to more than the usual "jerks and jolts" experienced on a city bus (Urquhart, 85 NY2d at 830).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020