Mobley v New York City Tr. Auth. (2021 NY Slip Op 00262)





Mobley v New York City Tr. Auth.


2021 NY Slip Op 00262


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 21983/18E Appeal No. 12891 Case No. 2020-01412 

[*1]Lawrence Mobley, Jr., Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants, "John Doe," Defendant.


Lawrence Heisler, New York City Transit Authority, Brooklyn (Harriet Wong of counsel), for appellants.
Friedman Sanchez, LLP, Brooklyn (Fabien Robley of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 11, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action for personal injuries arising from a fall on a public bus, defendants established their prima facie entitlement to judgment as a matter of law by showing that their bus driver was presented with an emergency situation that was not of his own making when a pedestrian suddenly entered his lane of travel, and that his actions were reasonable under the circumstances (see Cangelosi v New York City Tr. Auth., 161 AD3d 503 [1st Dept 2018]; Jones v New York City Tr. Auth., 162 AD3d 476, 477 [1st Dept 2018]).
In opposition, plaintiff failed to submit any evidence tending to show that defendants' bus driver created the emergency or could have avoided plaintiff's fall by taking some action other than applying his brakes and swerving to the left to avoid striking the nonparty pedestrian (see Santana v Metropolitan Transp. Co., 170 AD3d 551, 551—552 [1st Dept 2019]; see Castillo v New York City Tr. Auth., 188 AD3d 484 [1st Dept 2020]). Although defendants submitted evidence that their bus driver was obliged to take evasive maneuvers because of the pedestrian's actions, plaintiff failed to submit any evidence, other than speculation, to suggest that the pedestrian did not walk far enough into the bus's path to warrant the actions the driver took to avoid striking him.
Additionally, the manner in which defendants' bus driver decelerated and swerved the bus to the left was not extraordinary or violent, but merely subjected plaintiff to no more than the usual jerks and jolts experienced on a city bus (Urquhart vNew York City Tr. Auth., 85 NY2d 828, 830 [1995]), as demonstrated by, among other things, the fact that no other passenger on the bus fell. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021