Gethers v Metropolitan Transp. Auth. (2021 NY Slip Op 01395)





Gethers v Metropolitan Transp. Auth.


2021 NY Slip Op 01395


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03347
 (Index No. 509552/16)

[*1]Addie Gethers, respondent, 
v
Metropolitan Transportation Authority, et al., appellants, et al., defendants.


Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants.
Michael B. Palillo, P.C., New York, NY (Ryan Amato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority and MTA Bus Company appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 10, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Metropolitan Transportation Authority and MTA Bus Company (hereinafter together the defendants) to recover damages for personal injuries that she allegedly sustained when she fell inside the defendants' bus. The plaintiff alleged that shortly after boarding the bus, she was walking toward the rear of the bus when the bus came to an abrupt stop, causing her to fall. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants appeal.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830 [internal quotation marks omitted]; see Bethune v MTA Long Is. Bus, 138 AD3d 1052). In moving for summary judgment dismissing a complaint, however, a common carrier has the burden of establishing, prima facie, that the stop was not unusual and violent (see Brown v New York City Tr. Auth., 174 AD3d 775, 776; Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 728-729).
Here, the defendants failed to establish, prima facie, that the stop of the bus was not unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 829-830). The defendants also failed to establish, prima facie, that the emergency doctrine applied to this case (see Rivera v New York City Tr. Auth., 77 NY2d 322, 326). Since the defendants failed to meet their initial burden as the movants, the Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers [*2](see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court