Stark v New York City Tr. Auth. (2022 NY Slip Op 01338)





Stark v New York City Tr. Auth.


2022 NY Slip Op 01338


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-12354
 (Index No. 511537/15)

[*1]Carmen Stark, respondent, 
v
New York City Transit Authority, et al., appellants.


Anna Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Raymond A. Raskin, Brooklyn, NY (Louis A. Badolato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 19, 2019. The order denied the defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint is granted, and the motion is otherwise denied as academic.
The plaintiff commenced this action to recover damages for personal injuries she sustained while a passenger on a bus owned and operated by the defendants. At the ensuing jury trial on the issue of liability, the plaintiff testified that she was standing in front of a row of seats, holding onto a metal hand grip when the bus made what she described as an unexpected "very violent short stop." The plaintiff testified that she lost her hold on the metal hand grip, fell "over the seats" that she was standing in front of, and her knee hit the floor of the bus. The bus driver testified that, at the time of the accident, the traffic light in front of him was yellow. He was driving five miles per hour, coming to a rolling stop, and then pressed down on the brake once the light turned red to stop the bus completely. According to the bus driver, there was nothing happening in the road that would have made him apply the brakes with more than ordinary force, and none of the other 10 passengers
on the bus fell.
At the conclusion of the trial on the issue of liability, the jury found that the defendants were negligent and that they were 100% at fault in the happening of the accident. The defendants moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and the defendants appeal.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830 [internal quotation marks omitted]) rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (id. at 830; see Mayorga v Nassau Inter-County [*2]Express [Nice] Bus, 178 AD3d 1030, 1031). "Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Mayorga v Nassau Inter-County Express [Nice]Bus, 178 AD3d at 1031). "There must be 'objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent'" (Gioulis v MTA Bus Co., 94 AD3d 811, 812, quoting Urquhart v New York City Tr. Auth., 85 NY2d at 830).
Here, viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could have found for the plaintiff against the defendants. Although the plaintiff characterized the stop as "violent," neither her testimony regarding the nature of her fall nor the circumstances surrounding the stop nor any other evidence she presented was sufficient to provide the objective support necessary to demonstrate that the movement of the bus was "unusual and violent" (Urquhart v New York City Tr. Auth., 85 NY2d at 830 [internal quotation marks omitted]), and of a "different class than the jerks and jolts commonly experienced in city bus travel" (id.; see Armstrong v New York City Tr. Auth., 124 AD3d 570, 571; Gioulis v MTA Bus Co., 94 AD3d at 812; Golub v New York City Tr. Auth, 40 AD3d 581, 582).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint.
The defendants' remaining contention need not be reached in light of our determination.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court