Orji v MTA Bus Co. (2022 NY Slip Op 02811)

Orji v MTA Bus Co.

2022 NY Slip Op 02811

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-03572
2020-09289
 (Index No. 708382/17)

[*1]Rosemary Orji, respondent, 
v
MTA Bus Company, appellant, et al., defendant.

Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace, NY (Stephen F. Zaklukiewicz of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant MTA Bus Company appeals from (1) an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 18, 2020, and (2) an order of the same court entered November 12, 2020. The order entered February 18, 2020, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The order entered November 12, 2020, insofar as appealed from, upon reargument, adhered to the original determination in the order entered February 18, 2020.
ORDERED that the order entered February 18, 2020, is reversed, on the law, the motion of the defendant MTA Bus Company for summary judgment dismissing the complaint insofar as asserted against it is granted, and the order entered November 12, 2020, is vacated; and it is further,
ORDERED that the appeal from the order entered November 12, 2020, is dismissed as academic in light of our determination on the appeal from the order entered February 18, 2020; and it is further,
ORDERED that one bill of costs is awarded to the defendant MTA Bus Company.
The plaintiff allegedly was injured when she fell while aboard a bus. The plaintiff testified at her deposition that as she was walking toward the rear seating area shortly after boarding the bus, the bus stopped at a red traffic light, which caused her to lose her grip on the railing and fall onto her left side. The plaintiff commenced this personal injury action against the defendants, MTA Bus Company (hereinafter MTA) and "John Doe," the owner and operator of the bus, respectively, alleging that they were negligent in the ownership and operation of the bus. MTA moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the movement that caused the plaintiff to fall was not unusual or violent and was not of a different class than the jerks and jolts commonly experienced in city bus travel. In an order entered February 18, 2020, the Supreme Court denied the motion. In an order entered November 12, 2020, the court, upon reargument, adhered to the original determination in the order entered February 18, 2020. [*2]MTA appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, a plaintiff must establish that the movement consisted of a jerk or lurch that was "'unusual and violent'" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830, quoting Trudell v New York R.T. Corp., 281 NY 82, 85; see Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d 823, 824). "Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent" (Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d at 824; see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d 1030, 1031). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (Urquhart v New York City Tr. Auth., 85 NY2d at 830). "In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the movement of the vehicle was not unusual and violent" (Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d at 825; see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d at 1031).
Here, viewing the evidence in the light most favorable to the plaintiff, MTA established its prima facie entitlement to judgment as a matter of law. MTA demonstrated, by submitting the transcript of the plaintiff's deposition testimony, that the movement of the bus was not unusual and violent or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830). The nature of the incident, according to the plaintiff's deposition testimony, was that she was caused to fall as the bus stopped at the intersection. According to the plaintiff, who did not provide an estimate as to how fast the bus was traveling prior to stopping at the intersection, she was the only passenger on the bus who fell, although there was another passenger standing within two feet of her at the time. The plaintiff testified that she landed on the floor near where she was standing prior to falling down. This is not, in itself, sufficient to provide the objective support necessary to demonstrate that the movement of the bus was unusual and violent, and of a different class than the jerks and jolts commonly experienced in city bus travel (see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d at 1030-1031; Alandette v New York City Tr. Auth., 127 AD3d 896; Gioulis v MTA Bus Co., 94 AD3d 811, 812-813). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted MTA's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court