Brown v New York City Tr. Auth. (2019 NY Slip Op 05759)





Brown v New York City Tr. Auth.


2019 NY Slip Op 05759


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04568
 (Index No. 702580/14)

[*1]Evelyn Brown, appellant, 
v
New York City Transit Authority, respondent, et al., defendant.


Falk & Klebanoff, P.C. (Jeffrey P. Falk and Victor A. Carr, Mineola, NY, of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered April 12, 2018. The order granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff alleges that, shortly after boarding a bus owned by the defendant New York City Transit Authority (hereinafter the Transit Authority), she fell after the bus driver applied the brakes. The plaintiff subsequently commenced this personal injury action against the Transit Authority and another defendant. The Transit Authority moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the stop was not unusual and violent or, in the alternative, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion on the ground that the Transit Authority established, prima facie, that the stop was not unusual and violent, and, in opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff appeals.
To prevail on a cause of action alleging that a common carrier was negligent in stopping a bus, a plaintiff must prove that the stop was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Black v County of Dutchess, 87 AD3d 1097, 1098). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 829-830; Burke v MTA Bus Co., 95 AD3d 813; Gioulis v MTA Bus Co., 94 AD3d 811, 812). "However, in seeking summary judgment dismissing such a cause of action, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent" (Gani v New York City Tr. Auth., 159 AD3d 673; see Alandette v New York City Tr. Auth., 127 AD3d 896, 897; Burke v MTA Bus Co., 95 AD3d at 813; Guadalupe [*2]v New York City Tr. Auth., 91 AD3d 716, 717; Black v County of Dutchess, 87 AD3d at 1098-1099).
Here, the Transit Authority failed to establish, prima facie, that the stop was not unusual and violent. In support of its motion, the Transit Authority submitted, among other things, transcripts of the plaintiff's testimony at her hearing pursuant to General Municipal Law § 50-h, the deposition testimony of the plaintiff, and the deposition testimony of the bus driver. According to the plaintiff's testimony, shortly after she paid her fare, the bus "took off" and then came to a quick stop, causing her to fall. According to the testimony of the bus driver, he was operating the bus at about 15 miles per hour when a vehicle cut in front of him, causing him to apply the brakes and stop the bus. Under the circumstances, a triable issue of fact exists as to whether the stop of the bus was unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729). The Transit Authority's contention under the emergency doctrine is not properly before this Court (see generally Triantafillopoulos v Sala Corp., 39 AD3d 740).
Accordingly, the Supreme Court should have denied the Transit Authority's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court