■ CARL H. NEUMAN, Individually and Doing Business as LYDIA E. HALL HOSPITAL, Respondent, v CONRAD A. OTTO et al., Individually and Doing Business as BAYVIEW COFFEE SHOPPE, Appellants.—This appeal from an order of the Supreme Court, New York County (Arthur Blyn, J.), entered December 12, 1984, granting plaintiff summary judgment in lieu of complaint is deemed an appeal from the judgment of the Supreme Court, New York County, entered January 4, 1985 in favor of plaintiff. Judgment, Supreme Court, New York County, entered January 4, 1985, granting plaintiff summary judgment in the amount of $14,500, unanimously reversed, on the law, without costs, and the motion for summary judgment denied.

Appellant has neglected to appeal from the judgment subsequent to the order granting summary judgment. The customary rule has been that an appeal taken from an order which is followed by the entry of final judgment in the same action must fall and review may only be had upon appeal from the final judgment. Here, however, the final judgment ministerially implements the order granting summary judgment, and the appeal from the order should be deemed an appeal from the subsequent judgment in which the order was subsumed, and the appeal should be considered on the merits. *(National Bank v Kory,* 63 AD2d 579.)

Defendant partnership had operated a coffee shop in space it leased at plaintiff's hospital and then sold the business to a third party. Plaintiff's treasurer was present at the closing of the sale because, as a condition of the sale, plaintiff was to execute a new lease with the buyer.

After the closing was completed and *after his attorney had departed,* defendant Otto, one of the partners, wrote a check

in the amount of $14,500 payable to plaintiff. On the following day Otto stopped payment on the check, and plaintiff instituted the instant action, moving pursuant to CPLR 3213 to recover on the check.

It was inappropriate to grant summary judgment on this record. Unresolved triable issues of fact and credibility are presented by the conflicting papers (including inconsistencies in plaintiff's own proofs) regarding the circumstances surrounding the delivery of the check and the reasons for its payment. Concur—Sullivan, J. P., Ross, Fein, Milonas and Ellerin, JJ.