OPINION OF THE COURT
George B. Ceresia, Jr., J.
Petitioner,[1] a court reporter assigned to Oneida County Family Court, has commenced the above-captioned CPLR article 78 proceeding seeking relief including compensation for preparation of a stenographic transcript of a hearing which lasted several days. In November 1995 the Family Court Judge ordered a transcript of the hearing pursuant to Judiciary Law § 299. Petitioner was one of four reporters who prepared the stenographic transcript. Petitioner subsequently learned that a copy of the transcript in the Family Court file had been furnished to the respondent Department of Social Services (DSS). This was done at the direction of a member of the staff of the Deputy Chief Administrative Judge of respondent Office of Court Administration (OCA). The transcript was needed for purposes of perfecting an appeal. On May 9, 1996 the Chief Clerk of Oneida County Family Court directed petitioner to affix her certification to the transcript, which she did. Petitioner seeks a determination (1) requiring DSS to compensate petitioner and other stenographers for their services in furnishing the transcript; and (2) a determination that OCA exceeded its authority in directing that the copy of the transcript be furnished to DSS.
Judiciary Law § 299 provides that a stenographer must, upon request and without charge, furnish to the Judge a written copy of the testimony and proceedings. It is undisputed that the petitioner was obligated to furnish the transcript to the Family Court Judge without charge.
Petitioner places great emphasis on CPLR 8002 which recites: "Unless otherwise agreed or provided by law, a stenog *337 rapher is entitled, for a copy fully written out from his stenographic notes of testimony or other proceedings taken in a court, and furnished upon request to a party or his attorney, to the fee set forth in the rules promulgated by the chief administrator of the courts.”
Other provisions of the Judiciary Law relevant to the issue include:

rr§ 300. Stenographer must furnish certified transcript of proceedings to parties on payment of fees

"The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same.” (Emphasis supplied.)

r'§ 301. Duty of stenographers with reference to writing out proceedings in full

"The original stenographic notes must be written out at length by the stenographer, if a judge of the court so directs, or if the stenographer is required so to do, by a person entitled by law to a copy of the same, so written out. Unless such a direction is given, or such a requisition is made, the stenographer is not bound so to write them out.” (Emphasis supplied.)

"§ 302. Stenographers must furnish copies of proceedings

"1. Every stenographer in a court of record must, upon request, furnish, with all reasonable diligence, to the defendant in a criminal case, or a party, or his attorney in a civil cause, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law.
"2. Except as provided in subdivision three of this section, in any civil or criminal case, if the district attorney, the attorney general or the judge presiding at the trial, or any appellate court or judge thereof, requires such a copy, the stenographer is entitled to his fees therefor; but he must furnish it upon receiving a certificate of the sum to which he is entitled. The amount thereof must be paid by the treasurer of the county or city, as the case may be, where the trial or hearing is held, upon the' certificate of the district attorney, attorney general, the judge presiding at the trial or hearing, or the appellate. *338 court or judge thereof, from the court fund, or the fund from which jurors are paid, or from any other available fund.[2]
"3. In any civil case when a transcript may be necessary, if the attorney general requires such a copy, the cost of such copy shall be paid out of funds appropriated to the department of law for that purpose.” (Emphasis supplied.)
Uniform Rules for Trial Courts (22 NYCRR) § 205.5 recites: "Subject to limitations and procedures set by statute and case law, the following shall be permitted access to the pleadings, legal papers formally filed in a proceeding, findings, decisions and orders and, subject to the provisions of CPLR 8002, transcribed minutes of any hearing held in the proceeding”.
Respondent OCA maintains that it is the obligation of the court stenographer to certify all transcripts which the stenographer prepares (citing UCS Ct Reporter’s Manual, at 45 [1989]; Judiciary Law § 300). OCA points out that the original stenographic notes, taken by the stenographer are part of the proceedings in the cause (Judiciary Law § 292). OCA indicates that under Judiciary Law § 255 upon request, and upon payment of the appropriate fee, the clerk of the court must search the files, records, papers and dockets in his or her office and make a transcript thereof. It is pointed out that the court may direct that the stenographer file the original stenographic notes (Judiciary Law §§ 13, 296). It is argued that there is nothing in 22 NYCRR 205.5 that would prevent DSS from obtaining the already-produced transcript and that once the transcript is furnished by the stenographer pursuant to Judiciary Law § 299, it becomes a court record.
The court must first agree with respondent that it is the duty of the stenographer to certify all transcripts, whether furnished pursuant to Judiciary Law §§ 299, 300 or 302. The certification attests to the faithfulness and accuracy of the stenographic minutes, upon which the court may (and must) rely, and is essential for a meaningful review of the proceeding. The absence of a certification, in the court’s mind, renders the transcript unreliable and of no value.
It is evident that there exists a carefully crafted legislative and regulatory scheme generally protective of the rights of the *339 stenographer to be compensated for preparation of hearing and trial transcripts. Judiciary Law § 299 nonetheless clearly creates an exception where the transcript is requested by the Trial Judge.
Judiciary Law § 300 clearly mandates that the stenographer be compensated for a copy of the transcript furnished to a party or his or her attorney. CPLR 8002 establishes the fee to be paid in accordance with the schedule promulgated by the Rules of the Chief Administrator of the Courts (see, 22 NYCRR part 108).
Uniform Rules for Trial Courts (22 NYCRR) § 205.5 identifies the persons permitted access to the "pleadings, legal papers formally filed in a proceeding, findings, decisions and orders”. Section 205.5 permits access to transcribed minutes of any hearing held in the proceeding "subject to the provisions of CPLR 8002”.
In reviewing these various provisions the court cannot ignore the compelling argument advanced by respondent OCA. It would appear that the transcript, once filed with the clerk of the court, becomes a "paper” or "record”, required to be produced pursuant to Judiciary Law § 255.
The Chief Judge of the Court of Appeals is the chief judicial officer of the Unified Court System (see, Judiciary Law § 210 [1]). The Chief Judge is empowered to appoint a Chief Administrator of the Courts (see, Judiciary Law § 210 [3]). The Chief Administrator of the Courts, among his (or her) various duties: supervises the administration and operation of the Unified Court System (see, Judiciary Law § 212 [1]); designates the Deputy Chief Administrators and Administrative Judges (see, Judiciary Law § 212 [1] [b], [d]); and acts as " 'chief executive officer’ ”, exercising the functions, powers and duties of a " 'public employer’ ” (see, Judiciary Law § 212 [1] [b], [e]). He (or she) may delegate to any deputy, assistant, court or Administrative Judge administrative functions, powers and duties (see, Judiciary Law § 212 [1] [s]); and do all other things necessary and convenient to carry out his (or her) functions, powers and duties (see, Judiciary Law § 212 [1] [t]). Under this expansive umbrella of authority, the court discerns nothing improper, unlawful or irrational where the Deputy Chief Administrative Judge, or his delegate, directs the staff of Family Court to carry out their statutory functions under Judiciary Law § 255.
As pointed out by respondent OCA, the construction given statutes by the agency responsible for their administration *340 should not be lightly set aside (see, Matter of Ward v Nyquist, 43 NY2d 57; Matter of Lezette v Board of Educ., 35 NY2d 272, 281). Due deference must be given to the interpretation of a statute accorded by those charged with interpreting it (Matter of Kelley v Ambach, 83 AD2d 733, 734 [3d Dept 1981]). Nonetheless, due deference is not unlimited deference, and it is equally clear that interpretation of statutes and regulations by a State agency shall only be upheld if its interpretation is not irrational or unreasonable (see, Matter of Reader’s Digest Assn. v State Tax Commn., 103 AD2d 926, 927 [3d Dept 1984]). In this instance, the court does not find the interpretation of the relevant statutes and regulation of respondent OCA to be irrational or unreasonable.
The court reporter serves a dual role, to wit: as a salaried employee of the Unified Court System, and as an independent contractor who is entitled to be compensated by those individuals (other than Judges) who order hearing and trial transcripts. In addition, court reporters are officers of the court (see, Judiciary Law § 290). The status of the court reporter is unique among State employees by reason of the reporter’s ability to be compensated from outside sources for the additional work generated from services originating with the salaried position.
Where the transcript is requested by the Judge and thereafter placed in the court file, it becomes a paper or record accessible to the parties (see, Judiciary Law § 255). Upon request, it is the duty of the clerk to prepare the appropriate transcript or certificate upon payment of the appropriate fee (id.). Nothing in Judiciary Law § 255 suggests and the court rejects the argument that the fees referred to in that section are anything other than those fees associated with the search of files, papers and records and certification of such documents. Moreover, it would, in the court’s mind, be unreasonable to conclude that the clerk of the court had the obligation or authority to ensure the collection of court reporter’s fees attributable to work performed by the court reporter as an independent contractor.
This is not to say that the party who requests the transcript and who obtains a copy directly from the court is not obligated to compensate the court reporter pursuant to CPLR 8002. In the absence of permission under CPLR 1101 to proceed as a poor person, the party obtaining the transcript would be, and is, obligated to compensate the court reporter as provided in CPLR 8002. Inasmuch as it is undisputed that DSS has received a copy of the transcript at its request, it is liable for payment of the applicable fee. The appropriate remedy for nonpayment *341 of the court reporter’s fee in such a case would not be a CPLR article 78 proceeding, but would, rather, be a plenary action.
Under all of the circumstances, the court concludes that the officers and employees of OCA did not exceed their authority, and that their direction to employees of Oneida County Family Court to furnish a copy of the transcript in question to DSS was not in violation of lawful procedure, affected by an error of law, arbitrary and capricious or an abuse of discretion.[3]
Accordingly, it is ordered and adjudged that the petition be and hereby is dismissed.

. Although the caption of the proceeding identifies as petitioners "Other Court Reporters”, the only petitioner is Carol Lewandowski. While the attorney for CSEA indicates that she is a petitioner, representing other court stenographers, CSEA is not a party to the instant proceeding; nor have the procedures under CPLR article 9 been followed.

. In Alweis v Evans (69 NY2d 199 [1987]) the Court of Appeals found that Judiciary Law § 302 did not conflict with Judiciary Law § 299, in that Judiciary Law § 302 was found to govern in extraordinary situations where a daily or expedited transcript was required. In situations where a transcript may be supplied under ordinary circumstances at the conclusion of judicial proceedings, Judiciary Law § 299 would still apply.

. While the court would, under other circumstances, be inclined to convert the instant special proceeding to an action under CPLR 103 (c), it would appear that the action would more properly be venued in a different county and that there is a strong likelihood that the action could be maintained in a court of limited jurisdiction. Moreover, there has been no indication that there has been any attempt to collect the fee from DSS.