◼ ANTHONY DETTORI, Appellant, v FELICIA MOLZON et al., Respondents. [760 NYS2d 658] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 13, 2002, which granted the motion of the defendant Felicia Molzon and the separate motions of the defendants Accurate Colli-

sion, Inc., doing business as Pro-Cise Auto Collision, and Jeffrey Krieger for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The Supreme Court should have denied the defendants' motions for summary judgment. The defendants submitted contradictory proof as to whether the plaintiff's lumbar spine condition was caused by the subject accident or a previous accident (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *Julemis v Gates,* 281 AD2d 396 [2001]; *DeVeglio v Oliveri,* 277 AD2d 345 [2000]), and failed to establish that the injuries allegedly sustained by the plaintiff did not constitute a serious injury within the meaning of Insurance Law § 5102 (d). Accordingly, the defendants failed to establish a prima facie case for judgment as a matter of law (*see Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Under these circumstances, it is not necessary to consider whether the plaintiff's opposition to the motions was sufficient to raise a triable issue of fact (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.