■ FRANCES BLACK, Respondent, v COUNTY OF DUTCHESS et al., Appellants. [930 NYS2d 64]—

On February 23, 2006, the plaintiff was a seated passenger on a bus owned by the defendant County of Dutchess and operated by the defendant Christopher J. Lorefice, when Lorefice applied the brakes, allegedly to avoid a collision with another vehicle while in a parking lot. As a result of Lorefice applying the brakes and stopping the bus, the plaintiff allegedly sustained injuries. The plaintiff thereafter commenced this action to recover damages for personal injuries.

To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was "unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *Rayford v County of Westchester*, 59 AD3d 508 [2009]; *Golub v New York City Tr. Auth.*, 40 AD3d 581 [2007]; *Aguila v New York City Tr. Auth.*, 2 AD3d 761 [2003]). However, the plaintiff's proof "must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830).

Here, in support of that branch of their motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the subject accident, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants relied upon, inter alia, the deposition testimony of the plaintiff and Lorefice. The plaintiff testified that, prior to the bus stopping, the bus appeared to her to be trying to "out beat" a car in the parking lot in which it was traveling. She further asserted that the bus was traveling "pretty fast," although she could not quantify a speed. She further recalled that Lorefice slammed on the brakes, which caused her entire body to come off her seat and into the metal partition and pole directly in front of her seat, causing injuries to, inter alia, her right knee. Lorefice admitted at his deposition that he braked "hard" to avoid a collision with a car in the parking lot, and that the car he was trying to avoid had the right-of-way. The evidence submitted in

support of the motion raised a triable issue of fact as to whether the stop at issue was unusual and violent, as opposed to whether the stop involved only the normal jerks and jolts commonly associated with city bus travel (*see Urquhart v New York City Tr. Auth.*, 85 NY2d 828 [1995]).

As to that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury to her right knee as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The Supreme Court erred in concluding that the defendants met their prima facie burden on the issue of serious injury. In support of that branch of their motion, the defendants relied upon, inter alia, the affirmed medical report of their own expert orthopedic surgeon, as well as the plaintiff's medical reports from her treating orthopedic surgeon. The defendants' examining orthopedic surgeon (hereinafter the defendants' expert) examined the plaintiff on September 14, 2009, approximately three years and seven months after the accident. During that examination, he noted that the plaintiff's right knee range of motion was from 0 to 100 degrees, when 0 to 140 was normal. Thus, the defendants submitted evidence on their own motion that the plaintiff was suffering from a significant restriction of motion in her right knee (*see Sainnoval v Sallick*, 78 AD3d 922 [2010]; *Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989 [2010]; *Bagot v Singh*, 59 AD3d 368 [2009]). The defendants' expert also noted in his report that an MRI scan of the plaintiff's right knee revealed the existence of a tear in the medial meniscus of the right knee.

The defendants also submitted contradictory proof on this branch of their motion as to whether the plaintiff's right knee condition was caused by the subject accident, a degenerative disease, or a previous accident (*see Dettori v Molzon*, 306 AD2d 308 [2003]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Julemis v Gates*, 281 AD2d 396 [2001]).

Since the defendants did not meet their prima facie burden with respect to either of the branches of their motion at issue, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition thereto were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see also Dettori v Molzon*, 306 AD2d at 308; *Coscia v*

*938 Trading Corp.*, 283 AD2d at 538). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.