■ Sororazam Bethune, Appellant, v MTA Long Island Bus, Respondent, et al., Defendant. [31 NYS3d 144]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 14, 2014, which granted the motion of the defendant MTA Long Island Bus for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured shortly after she boarded a bus owned and operated by the defendant MTA Long Island Bus (hereinafter the defendant), when the driver applied the brakes, causing the plaintiff to lose her balance and hurt her foot. Thereafter, the plaintiff commenced this action against, among others, the defendant, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995] [internal quotation marks omitted]; *see Dowdy v MTA-Long Is. Bus*, 123 AD3d 655, 655 [2014]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]). "[A] plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent" (*Lowhar-Lewis v Metropolitan Transp. Auth.*, 97 AD3d 728, 728-729 [2012]; *see Urquhart v New York*

*City Tr. Auth.*, 85 NY2d at 830). "The evidence must establish that the force of the stop was 'of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of [the] defendant'" (*Burke v MTA Bus Co.*, 95 AD3d 813, 813 [2012], quoting *Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Andreca v Cash World Tours, Inc.*, 135 AD3d 675, 675 [2016]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligence by submitting transcripts of the plaintiff's Public Authorities Law hearing testimony and her deposition testimony, which demonstrated that the stop of the bus was not unusual or violent or of a different class than the jerks and jolts commonly experienced in city bus travel (*see Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *Andreca v Cash World Tours, Inc.*, 135 AD3d at 676; *Alandette v New York City Tr. Auth.*, 127 AD3d 896, 897 [2015]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]). The defendant's submissions were also sufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging an intentional tort, as the submissions demonstrated that the driver's conduct in applying the brakes was not done to intentionally injure the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.