Vladimir Shur, M.D., as Assignee of William Rosado, Appellant, 
against
Unitrin Advantage Insurance Company, Respondent.




Gabriel & Shapiro, LLC (Steven F. Palumbo, Esq.), for appellant.
Gullo & Associates, LLP ( Cristina Carollo, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated January 27, 2016. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the District Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see id.). Here, the affirmed report of the doctor who had performed an independent medical examination (IME) of the assignor contained contradictory statements (see e.g. Black v County of Dutchess, 87 AD3d 1097 [2011]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]) as to whether the injury to plaintiff's assignor's right knee was "partially causally related to" the accident at issue or caused by "preexisting degenerative changes." Furthermore, an MRI report that was reviewed by the IME doctor did not set forth an impression of degenerative changes. Nor did the IME doctor indicate that he had examined an operative report on the arthroscopy at issue. Thus, contrary to the determination of the District Court, defendant failed to make a prima facie showing of lack of causation. Consequently, defendant's motion should have been denied.
Plaintiff's contention that its cross motion for summary judgment should have been granted lacks merit. Plaintiff failed to establish its prima facie entitlement to judgment as a [*2]matter of law since it did not establish either that defendant had failed to deny the claim within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of the claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In view of the foregoing, we do not reach plaintiff's remaining contention.
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2017