Giordano v New York City Tr. Auth. (2019 NY Slip Op 02684)





Giordano v New York City Tr. Auth.


2019 NY Slip Op 02684


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02207
 (Index No. 9526/15)

[*1]Margaret Giordano, appellant, 
v
New York City Transit Authority, respondent, et al., defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 17, 2017. The order granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is denied.
As is relevant to this appeal, the plaintiff commenced this action against the defendant New York City Transit Authority (hereinafter the defendant) to recover damages for personal injuries she contends she sustained in May 2014 when she was a passenger on the defendant's bus. According to the plaintiff, the bus stopped in a manner that caused her to fall and sustain injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the accident was not caused by an unusual and violent stop of its bus. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
In seeking summary judgment dismissing a complaint which alleges injuries to a plaintiff arising out of a fall on a bus, a common carrier has the burden of establishing, prima facie, that the stop that caused the fall was not unusual and violent (see Gani v New York City Tr. Auth., 159 AD3d 673, 673; Black v County of Dutchess, 87 AD3d 1097, 1098-1099).
We disagree with the Supreme Court's determination granting the defendant's motion. The evidence submitted by the defendant, which included, inter alia, the deposition testimony of the plaintiff regarding her fall and the bus camera video footage of her fall, failed to eliminate triable issues of fact as to whether the movement of the bus at issue was unusual and violent (see Castillo v MTA Bus Co., 163 AD3d 620, 622; Gani v New York City Tr. Auth., 159 AD3d at 673; Black v County of Dutchess, 87 AD3d at 1098). Since the defendant did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court