Global Merchant Cash Inc v LPZ Carriers LLC (2024 NY Slip Op 50085(U))

[*1]

Global Merchant Cash Inc v LPZ Carriers LLC

2024 NY Slip Op 50085(U)

Decided on January 27, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2024
Supreme Court, Kings County

Global Merchant Cash Inc, Plaintiff,

against
LPZ Carriers LLC, et al., Defendant(s).

Index No. 526260/2023

Joseph I. Sussman, P.C., Cedarhurst (Andrea Yankovsky of counsel), for Plaintiff.
Dominick R. Dale, Esq., Forest Hills (Amanda Philip of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 11-28.
Upon the foregoing papers, and having heard oral argument and a decision having been rendered on the record in open court,[FN1]

It is hereby ORDERED as follows:
The motion by Plaintiff, Global Merchant Cash Inc., (hereinafter "Global Merchant") for summary judgment and the dismissal of Defendants' counterclaims and affirmative defenses is DENIED.
CPLR 3212 (b) provides that a summary judgment "motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." A court may grant summary judgment in a proceeding when it has been established that no triable issue of fact exists. Summary judgment is designed to expedite all civil cases by eliminating from the trial calendar claims which can be properly resolved as a matter of law. (See Andre v Pomeroy, [*2]35 NY2d 361 [1974].) The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1974]).
Plaintiff herein fails to properly authenticate the alleged merchant cash advance agreement pursuant to the business record exception to the hearsay rule (see CPLR 4518 [a]). Plaintiff's affidavit does not fully comply with the requirements set forth by CPLR 4518 (a), and such foundation is necessary to admit a "writing or record" to prove the truth asserted by the record's content (Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]).
In order for a business record to be admissible, the tendering party's affidavit must note: (1) that the recording was made in the regular course of business, (2) that it was the regular course of such business to make the recording, (3) that the recording was made at or near the time of the subject transaction or occurrence, and (4) that any informant in the evidentiary chain was under a business duty to accurately report the information (see People v Patterson, 28 NY3d 544 [2016]).
The affidavit of Jay Keller, chief executive officer of Plaintiff, does not lend itself toward authentication of the alleged agreement and the payment history, as paragraph 3 does not establish specificity as to the recorder's personal knowledge and fails to state whether it was the regular course of Plaintiff's business to make the records (see NYSCEF Doc No.12 ¶ 3). Paragraph 3 states that the agreement was "made by persons who had a business duty to GMC to make such records" (id.). Keller's statement is insufficient as the person who made the record must have had actual knowledge of the event recorded or must have received their information from someone who had actual knowledge (see Johnson v Lutz, 253 NY 124 [1930)]; Capybara Cap. LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]). The affidavit does not provide this information.
Moreover, there is a factual discrepancy which precludes Plaintiff from establishing prima facie entitlement to summary judgment in the present motion. Plaintiff submits a payment history in Exhibit A (see NYSCEF Doc No. 15), but there is another entity at the top of the record called "Wall Street Funding," which neither is mentioned in Plaintiff's affidavit nor in other motion papers submitted to authenticate the proffered records. No part of the Keller affidavit alleged these facts or attempted to clarify the contradiction, so not only is there inadmissible hearsay but a direct contradiction in Plaintiff's motion papers (see Cristescu v Gasparis, 148 AD3d 669 [2d Dept 2017]; Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636 [2d Dept 2011]; AJ Equity Group LLC v Urban Bay Hous. Fund LLC, 80 Misc 3d 1207[A], 2023 NY Slip Op 50934[U] [Sup Ct, Kings County 2023].
"[I]nconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing to Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In numerous additional instances involving different causes of action, it has been held that where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 [*3]AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Dists 2010]).
There is simply no explanation in the Keller affidavit as to Wall Street Funding's personal knowledge, practices, and procedures as to the records herein. Neither is there anything to indicate the connection between Plaintiff and Wall Street Funding. And since the information in the alleged payment history appears to have come from Wall Street Funding, an affidavit from someone employed by them who had personal knowledge was necessary to authenticate it (see Bank of NY Mellon v Gordon, 171 AD3d at 208-210). There was none.
The Keller affidavit does not provide the requisite information to lay a proper foundation for the alleged merchant cash advance agreement or the payment history. At oral argument, Plaintiff was unable to provide a definitive connection between the two entities, which was necessary in light of Wall Street Funding being listed at the top of the alleged payment history.
During oral argument, there arose a dispute between the parties as to whether the Keller reply affidavit filled in the gap in his original affidavit. It was submitted two days prior to oral argument. The Court finds it inappropriate to have supplemented the facts in the original Keller affidavit through the reply affirmation as it prejudiced Defendants (see NYSCEF Doc No. 26, Matter of Forest Riv., Inc. v. Stewart (34 AD3d 474 [2d Dept 2006]). In any event the Keller reply affidavit does not reconcile the discrepancy resulting from Wall Street Funding being listed at the top of the alleged payment history; it does not refer to this other entity.
Consequently, Plaintiff's motion for summary judgment is DENIED.
Dated: January 27, 2024
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).