Jean-Baptiste v Banatte (2024 NY Slip Op 50113(U))

[*1]

Jean-Baptiste v Banatte

2024 NY Slip Op 50113(U)

Decided on February 2, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2024
Supreme Court, Kings County

Anderson Jean-Baptiste and KESTESIE ZIDOR, Plaintiff(s),

against
Thaina Banatte, Defendant(s).

Index No. 507387/2023 

 

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 20-26, 28-37.
Upon the foregoing papers, and having heard oral argument and due deliberation having been had [FN1]
,
It is hereby ORDERED as follows:
Plaintiff moves for partial summary judgment pursuant to CPLR §3212 on the issue of liability. CPLR §3212(b) provides that summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." A Court may grant summary judgment in a proceeding when it has been established that no triable issue of fact exists. Summary judgment is designed to expedite all civil cases by eliminating from the [*2]trial calendar claims which can be properly resolved as a matter of law (see Andre v Pomeroy, 35 NY2d 361 [1974]).
Plaintiffs Anderson Jean-Baptiste and Kestesie Zidor, respectively (hereinafter together as "Plaintiffs") were crossing the street at the intersection of 91st Avenue and 146th Street, County of Queens, State of New York, on March 27, 2022 at or around 4:29 a.m. As seen by the police report in Exhibit A, Defendant Thaina Banatte (hereinafter "Defendant") stopped and came out of his vehicle to check on the Plaintiffs after striking them and then fled the scene (see NYSCEF Doc No. 23). As a result of Defendants' vehicle striking them, Plaintiffs, respectively, allege that they sustained serious and severe personal injuries. Plaintiffs assert that due to the accident, they are unable to perform many activities that they used to do before the accident. (See NYSCEF Doc No. 24.)
Here, Plaintiffs do not establish by a prima facie showing that Defendant is liable, either solely or in part for the accident. Additionally, Plaintiffs failed to establish who was driving the vehicle, as Defendant claims it was Fenel Augustin ("Augustin") who was the operator of Defendant's vehicle. (See NYSCEF Doc No. 28.) Plaintiffs also failed to establish that they were crossing at the designated crosswalk.
Defendant alleges that it was a Plaintiff who was liable for the accident, as it was Plaintiff Zidor who "suddenly" jutted out into the roadway and crossed where there was no pedestrian crosswalk (see NYSCEF Doc No. 28). Additionally, Defendant asserts that at the same time Plaintiff Zidor jutted into the street, Plaintiff Zidor and Plaintiff Jean Baptiste were in an altercation, resulting in Plaintiff Zidor being pushed into the street. Defendant alleges that there was absolutely no contact between his vehicle and either Plaintiff. (See NYSCEF Doc No. 28.) Augustin states in his affirmation that he did not see where Plaintiff Zidor was coming from as there was a parked eighteen-wheeler blocking his view (see NYSCEF Doc No. 32). There is also a question as to whether or not Plaintiffs were intoxicated at the time of the accident, as Augustin states in his affirmation that it appeared that one of the plaintiffs was holding a cup of liquid (see NYSCEF Doc No. 32).
It is clear that there are triable issues of material fact regarding liability. As the movant has the burden of establishing its judgment as a matter of law when the evidence is viewed in the light most favorable to the non-moving party, Plaintiffs have failed to establish, prima facie, that Defendant is liable for the accident that occurred on March 27, 2022 (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Cortale v Educational Testing Serv., 251 AD2d 528 [2d Dept 1998]).
Thus, Plaintiff's motion for summary judgement is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).