Advance Servicing Inc. v U.D. Inv. Group LLC (2024 NY Slip Op 50216(U))

[*1]

Advance Servicing Inc. v U.D. Inv. Group LLC

2024 NY Slip Op 50216(U)

Decided on March 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2024
Supreme Court, Kings County

Advance Servicing Inc., Plaintiff,

against
U.D. Investment Group LLC D/B/A Aero Mail Online and Fredrico A. Williams AKA Frederico A. Williams, Defendants.

Index No. 505845/2023

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Document Numbers 9-16.
Upon the foregoing papers and having heard oral argument,[FN1]

It is hereby ORDERED as follows:
This is a motion seeking the entry of judgment in favor of Plaintiff and against Defendants "based upon Defendants' failure to comply with the terms of the settlement agreement, and for such other and further relief as deemed appropriate by the Court." The motion is predicated on CPLR 3212 and/or 3215(i). While the notice of motion does not state in its body that it seeks summary judgment, the description of the document to the right of the caption states, "Notice of motion for Summary Judgment." (See NYSCEF Doc No. 9, notice of motion.) Plaintiff's counsel's affirmation states that this is a "motion for summary judgment pursuant to CPLR § 3212 and/or default judgment pursuant to CPLR § 3215(i). . ." (NYSCEF Doc No. 10, David Fogel aff at 1). Defendants have not submitted opposition.
The instant motion is made within an action alleging breach of a merchant cash advance contract where it is claimed that the parties entered into a stipulation of settlement. The stipulation appears as NYSCEF Doc No. 13. Within it, the terms were that "Debtors shall cause [*2]to be paid to Creditor the total sum of $11,000.00 (the 'Settlement Amount'). The Settlement Amount shall be paid as follows: $900.00 on or before April 06, 2023, followed by $1,262.50 on or before May 05, 2023, and on the 5th of each month thereafter, until the full settlement amount is paid." (Id. at 1.) The payments were to be delivered to Creditor's attorney (see id.). In the event of a default on making payment pursuant to the stipulation of settlement, the Settlement Amount would adjust to $16,974.08 plus legal fees of $2,782.52, less any payments received, plus interest from the default date of January 27, 2023, at the statutory rate of 9% per annum (see id. at 2). The stipulation of settlement contained additional fee provisions.
In his affirmation, Plaintiff's counsel asserts in pertinent part:
7. Defendants made payment(s) under the Settlement totaling the sum of $8,475.00. Thereafter, Defendants failed and refused to make any additional payments.
8. The Settlement does not require a notice of default nor does it provide Defendants with a cure period.
9. All Settlement payments were required to be payable and delivered to the undersigned counsel's office, however, Defendants failed to make the payment which was due by November 5, 2023 and thereby defaulted under the terms of the Settlement.
10. I have personally checked this firm's Attorney Trust Account (IOLA) and mail and confirmed that neither the required payment nor any portion thereof was received.
11. Pursuant to Article 3, based upon Defendants' failure to comply with the Settlement, the sum of $16, 974.08, plus legal fees in the amount of $2,782.52, less payments received in the amount of $8,475.00, with interest thereon at the rate of 9% per annum from January 27, 2023, became due on November 6, 2023.
(NYSCEF Doc No. 10, David Fogel aff at 2.)
While this motion is brought partly under CPLR 3216(i), this Court holds that it is inapplicable. Said provision provides:
1. Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount with interest, if any, from a date certain, the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based, and, if applicable, a statement that the interest rate for consumer debt pursuant to section five thousand four of this chapter applies.
It is clear that this provision governs how the county clerk may enter judgment upon a default in complying with a stipulation of settlement of an action. Here, Plaintiff has made application to the Court, not to the County Clerk, for a judgment. Moreover, a prerequisite for the applicability of CPLR 3216 (i) (1) is that the stipulation of settlement contain a provision entitling the creditor to a judgment without further notice of a judgment. The stipulation of settlement submitted as NYSCEF Doc No. 13 lacks such a provision; the provision "No written notice of default shall be required to be served by or on behalf of Creditor" (NYSCEF Doc No. 13, settlement agreement at 2) does not contain the word "judgment." CPLR 3216 is unavailable to Plaintiff (see Marine Bulkheading, Inc. v Mannino, 150 AD3d 1096 [2d Dept 2017]; Yes Lender, LLC v High Protection Intelligence LLC, 78 Misc 3d 1240[A], 2023 NY Slip Op 50499[U] [Sup Ct, Kings County 2023]).
Therefore, this Court proceeds to determine whether Plaintiff is entitled to judgment through the summary judgment process of CPLR 3212, which was the other CPLR provision [*3]relied on by Plaintiff.
"[A]s a general matter, a court should not examine the admissibility of evidence submitted in support of a motion for summary judgment unless the nonmoving party has specifically raised that issue in its opposition to the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 55), for "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Indeed "in civil cases, 'inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess' " (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54-55, quoting Jerome Prince, Richardson on Evidence § 8-108 at 505 [Farrell 11th ed 1995]; see Matter of Findlay, 253 NY 1, 11 [1930]; Ford v Snook, 205 App Div 194, 198 [1923], affd 240 NY 624 [1925])." (Bank of NY v Mellon, 171 AD3d 197, 202 [2d Dept 2019].)
In the instant case, however, this Court finds it must deny Plaintiff's motion for summary judgment because despite lack of opposition, it has failed to make out a prima facie case in support of its claim. A court must always review a motion for summary judgment to determine if the movant has made out a prima facie case in the first instance. "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit." (CPLR 3212 [b].) The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
"[I]nconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing to Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In numerous additional instances involving different causes of action, it has been held that where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Dists 2010]).
The affirmation of David Fogel is inconsistent. In paragraph 10, he affirmed that "neither the required payment nor any portion was received," yet in paragraphs 7 and 11, he acknowledged payment of $8,475.00. In such a situation this Court cannot rely on his affirmation for the requirement that "it shall recite all the material facts" (CPLR 3212 [b]). In fact, the inconsistency calls into question the accuracy of the claim as to how much, if any, remains unpaid by Defendants.
The answer to how much Defendant allegedly owes lies within Plaintiff's counsel's IOLA [*4]account records (see NYSCEF Doc No. 10, David Fogel aff at 2). Counsel's statements regarding what is contained within them are hearsay. "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of NY Mellon v Gordon, 171 AD3d 197, 205 [2d Dept 2019]). Counsel has not laid a foundation for the admissibility of his IOLA account records concerning payments by Defendants. None of the four requisites was established — "it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]), and the person who made the record must have had actual knowledge of the event recorded or must have received his information from someone within the business who had actual knowledge and was under a business duty to report the event to the maker of the record (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197; Fenix Capital Funding LLC v Sunny Direct, LLC, — Misc 3d —[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]; Madison Advance LLC v Design Light. Group LLC, 81 Misc 3d 1210[A], 2023 NY Slip Op 51310[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
Unless counsel has actual knowledge of the transactions recorded in his IOLA account, copies of them must be submitted and authenticated as a business record exception to the hearsay rule. Considering that counsel affirmed to inconsistent statements, this was an imperative. Counsel's affirmation was clearly lacking in probative value (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45 [2d Dept 2014]). Since the breach of the stipulation of settlement was not established this Court must deny Plaintiff's motion insofar as it seeks summary judgment.
Accordingly, the within motion is DENIED in its entirety.
Dated: March 1, 2024
Hon. Aaron D. Maslow

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).