Advance Servicing Inc. v ATD LLC (2024 NY Slip Op 50327(U))

[*1]

Advance Servicing Inc. v ATD LLC

2024 NY Slip Op 50327(U)

Decided on March 28, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, Kings County

Advance Servicing Inc., Plaintiff,

against
ATD LLC and KENT COUNTY GENERAL STORE LLC, and DARYL HAM, Defendants.

Index No. 516548/2023

AWN&R Commercial Law Group, PLLC, New York City (Luis Trujillo) for Plaintiff.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 7-17.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]
the within motion is determined as follows.
This is an action commenced by the Plaintiff, alleging breach of a contract by the Defendant businesses to sell their future receivables to Plaintiff, otherwise known as a merchant cash advance contract. Plaintiff is moving for summary judgment on the causes of action in its complaint. (See generally NYSCEF Doc No. 8, Gonzalez affidavit.)
Plaintiff Advance Servicing Inc. alleges that it entered into a contract with Defendant businesses ATD LLC and Kent County General Store LLL to purchase $61,200 of said Defendants' future receivables. Defendant Darryl Ham is alleged to have personally guaranteed payment. Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $45,000 minus $2,700 in fees to purchase the receivables. (See id.)
Plaintiff alleges that Defendant businesses breached the contract by failing to continue to make payments of receivables, by failing to deposit receivables into the contract-designated bank account, by depositing receivables into a different bank account than the designated one in the contract, and by blocking Plaintiff's access to the contract-designated bank account (see id.)
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $32,879, comprised of $27,540 in unpaid receivables plus $5,339 in default fees and/or contractual penalties (see id.)
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 10), proof of payment of the purchase price (see NYSCEF Doc No. 11), and a payment history (see NYSCEF Doc No. 12).
Defendants did not oppose Plaintiff's motion for summary judgment. However, as this Court held in Atipana Credit Opportunity Fund I, LP v Empire Restaurants AZ Corp (80 Misc 3d 1208[A], 2023 NY Slip Op. 50939[U] [Sup Ct, Kings County 2023]), (a) the party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion; (b) inconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers; and (c) even in the absence [*2]of opposition, it would be unconscionable for this Court to grant summary judgment to a moving plaintiff where there is a complete absence of the most basic prima facie case of entitlement to judgment as a matter of law.
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 8, which is the affidavit of Daisy Gonzalez, a managing member, to lay a foundation for the admissibility of the submitted contract, proof of payment of the purchase price, and Defendant's payment history.
To be admissible in evidence, first, the records must be made in the regular course of business (see CPLR 4518 [a]). This Court finds that the said affidavit fails to establish this with respect to the submitted contract, proof of payment of the purchase price, and Defendant's payment history. There is no statement that they were made in the regular course of business.
To be admissible in evidence, second, it must be the regular course of business to make such records (see CPLR 4518 [a]). This Court finds that the said affidavit fails to establish this with respect to the submitted contract, proof of payment of the purchase price, and Defendant's payment history. There is no statement specific to them that it was the regular course of business to make them. The statement regarding it being the regular course of business to make Plaintiff's business records in the Gonzalez affidavit, "It is the regular course of Plaintiff's business to make its business records" (NYSCEF Doc No. 8, Gonzalez affidavit ¶ 4), was general in nature and not specific to the submitted contract, proof of payment of the purchase price, and Defendant's payment history.
To be admissible in evidence, third, the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see CPLR 4518 [a]). This Court finds that the said affidavit fails to establish this with respect to the submitted contract, proof of payment of the purchase price, and Defendant's payment history. There is no statement specific to them that they were made at the time of the act or occurrence or within a reasonable time thereafter. The statement regarding Plaintiff's business records being made "at or about the time of the event or transaction recorded" in the Gonzalez affidavit (NYSCEF Doc No. 8, Gonzalez affidavit ¶ 4), was general in nature and not specific to said documents.
To be admissible in evidence, fourth, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of New York Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business record exception was not met because the entries contained in the submitted payment history emanated from a different entity (see NYSCEF Doc No. 12, payment history). In other words, someone at another entity which processed wire transactions is privy to said records which apparently are relied upon by Plaintiff although Plaintiff does not state such explicitly. However, nowhere in Plaintiff's papers is there reference to the records of this other entity, and there is no affidavit [*3]from someone at this other entity with knowledge of its records. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128).
Moreover, whoever at Plaintiff made the payment history record entries in its own records is unidentified in its papers (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476). The submitted payment history itself fails to identify who the purchaser of the future receivables is and fails to associate the transactions with Defendant businesses. Also, the submitted payment history contains coded data in the form of code R01, which is not explained in the Gonzalez affidavit which purports to authenticate it.
There cannot be a breach of contract if the plaintiff's performance is not established (see Merchant Advance LLC v PP Services Corp., 2022 NY Slip Op 34022 [Sup Ct, Kings County 2022]). Here, proof of payment by Plaintiff to Defendant businesses in exchange for the future receivables is deficient because the purported documentary evidence of such a payment does not identify Plaintiff as the entity making the payment and the name of the financial institution who conducted the money transfer is not identified (see NYSCEF Doc No. 11, submitted proof of payment of purchase price). There is no authenticating affidavit from someone with knowledge at either Plaintiff's or Defendants' financial institution which processed the transaction of the alleged payment by Plaintiff to Defendants.
To the extent that the attorney affirmation of Jeffrey Parrella attempts to authenticate the submitted documents and have them deemed business records admissible under an exception to the hearsay rule, it is deficient because although he avers to be familiar with the facts and circumstances underlying this action, he failed to allege personal knowledge of Plaintiff's recordkeeping practices and procedures (see NYSCEF Doc No. 9, Parrella affirmation; Ingber v Martinez, 191 AD3d 959 [2d Dept 2021]).
Finally, this Court notes that Kent County General Store LLC is a named Defendant and Plaintiff seeks summary judgment against it as well as against ATD LLC, yet the contract proffered by Plaintiff lacks any mention of Kent County General Store LLC (see NYSCEF Doc No. 10, contract). This is a major discrepancy in Plaintiff's evidence. "[I]nconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). In numerous additional instances involving different causes of action, it has been held that where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Dists 2010]).
Plaintiff, through its affidavit, attorney affirmation, and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in [*4]admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiffs motion for summary judgment is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).